# EXHIBIT A

10-15-12

OCT 1 5 2012

 COPY

## COMMONWEALTH OF MASSACHUSETTS

Plymouth, SS.                                           Superior Court Department
                                                        Of The Trial Court

------------------------------------X

PAMELA PIKE and SALLY ZISCHKE,
Individually and as Representatives of a
Proposed Class,
                    Plaintiffs,            **COMPLAINT and**
                                           **JURY DEMAND**

vs.                                        C.A. No. CA12-1202

NEW GENERATION DONUTS, LLC., CADETE
ENTERPRISES, INC., and JOHN CADETE,
Individually and in his Capacity as Manager of
NEW GENERATION DONUTS, LLC. and
President of CADETE ENTERPRISES, INC.

                    Defendants.

------------------------------------X

### INTRODUCTION

This action is brought on behalf of Pamela Pike and Sally Zischke ("Plaintiffs"), as well as managers and training managers, employed by Cadete Enterprises, Inc. ("Cadete Enterprises") and New Generation Donuts, LLC ("New Generation Donuts") within Massachusetts. Defendants classified Plaintiffs, and other similarly situated employees, as hourly non-exempt employees, yet Defendants failed to pay for all hours worked, including overtime pay for hours worked beyond 40 in a single workweek.

### NATURE OF THE ACTION

1.   Plaintiffs allege, pursuant to Mass. R. Civ. P. 23, on behalf of themselves and a class of other similarly situated current and former managers and managers in training employed by New Generation Donuts within the Commonwealth of Massachusetts (the "Class"), that they are entitled to back wages from Defendants for all

hours worked by them, including overtime premium pay for hours worked beyond 40 in a single workweek as required by Massachusetts Labor Law, M.G.L. c. 151 § 1B. ("Massachusetts Labor Law").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this Class Action pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 212 § 4.

3. Venue is proper in this county pursuant to M.G.L. c. 223 § 1 as Defendant, Cadete Enterprises, Inc, maintains a principal place of business within this county in Pembroke, Massachusetts.

4. This Court is empowered to issue a declaratory judgment pursuant to M.G.L. c. 231A § 1.

## THE PARTIES

5. Plaintiff Pamela Pike is, and was at all relevant times, an adult individual residing in the Commonwealth of Massachusetts.

6. Plaintiff Sally Zischke is, and was at all relevant times, an adult individual residing in the Commonwealth of Massachusetts.

7. Upon information and belief, New Generation Donuts, LLC is a Massachusetts Domestic Limited Liability Company with its principal place of business at 125 Hancock Street, North Quincy, 02171.

8. Upon information and belief, Cadete Enterprises, Inc. is a Massachusetts Corporation with its principal place of business at 12 Riverside Drive, Pembroke, MA, 02359.

9. Upon information and belief, Defendant John Cadete is the Manager of New Generation Donuts and the President of Cadete Enterprises and resides at 99 Albee Dr., Braintree, MA 02184.

## CLASS ALLEGATIONS

10. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a) and (b) of the Massachusetts Rules of Civil Procedure.

11. Plaintiffs bring their Massachusetts Labor Law claims on behalf of all persons who were employed by Defendants in the state of Massachusetts at any time from October 11, 2009 to the date of entry of judgment in this case (the "Class Period") who held the positions of managers and training managers, were non-exempt employees within the meaning of Massachusetts Labor Law, and who have not been paid for all hours worked, including overtime wages, in violation of Massachusetts Labor Law.

12. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief there have been over 50 members of the Class during the Class Period.

13. The claims of Plaintiffs are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in state court against a defendant.

14. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

15. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

16. Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

17. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of Massachusetts Labor Law;

    b. what proof of hours worked is sufficient where an employer fails in its duty to maintain time records;

    c. whether Defendants failed and/or refused to pay the members of the Class for all of the hours worked by them as well as premium pay for hours worked in excess of 40 hours per workweek within the meaning of Massachusetts Labor Law;

    d. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    e. whether Defendants should be enjoined from such violations of Massachusetts Labor Law in the future.

4

## STATEMENT OF FACTS

18. Defendant Cadete Enterprise is a locally-owned and operated company operating multiple Dunkin Donuts shops in the state of Massachusetts.

19. Defendant New Generation Donuts is a locally-owned and operated company from which Plaintiffs received their weekly salary.

20. Defendant John Cadete was at all applicable times and is currently the President of Cadete Enterprises and Manager of New Generation Donuts.

21. Plaintiff Pamela Pike was employed by Defendants from on or about February of 2011 until June of 2011.

22. Plaintiff Sally Zischke was employed by Defendants from on or about November 7, 2009 until June 13, 2011.

23. At all relevant times, Defendants were Plaintiffs' "employers" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 USC 203(d).

24. Although Plaintiff Pamela Pike's job title was "training manager," her and other similarly situated "training managers'" primary job duties included serving customers, working the cash registers, making coffee, cleaning machines and restrooms, all of which are non-exempt duties.

25. Although Plaintiff Sally Zischke's job title was "manager," her and other similarly situated "managers'" primary job duties included serving customers, working the cash registers, making coffee, cleaning machines and restrooms, all of which are non-exempt duties.

26. Plaintiffs worked in excess of forty (40) hours per week during the course of their employment.

5

27. Plaintiffs were employed as hourly employees who, accordingly, were entitled to payment for all hours worked and for overtime/premium pay when they worked more than 40 hours in a workweek as required by the FLSA and M.G.L. c. 149, §148.

28. Plaintiffs did not receive straight pay for all hours worked in excess of 40 hours in a work week, nor did they receive overtime pay for hours worked in excess of 40 in a workweek.

29. Plaintiffs work was performed for the benefit of the Defendants, in the normal course of Defendants' business and was integrated into the business of the Defendants.

30. On July 12, 2012, prior to the filing of this Complaint, Bruce Trager, Assistant Attorney General sent a letter to Attorney Robert T. Naumes, Jr. authorizing Plaintiff Pamela Pike to bring a civil action. Private Right of Action Letter, July 12, 2012, attached hereto as "Exhibit A."

31. On October 10, 2012, prior to the filing of this Complaint, Bruce Trager, Assistant Attorney General sent a letter to Attorney Robert T. Naumes, Jr. authorizing Plaintiff Sally Zischke to bring a civil action. Private Right of Action Letter, July 12, 2012, attached hereto as "Exhibit B."

### COUNT ONE
### (VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, et seq.)

32. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference paragraphs 1 through 31 as if they were set forth again herein.

33. At all relevant times, Plaintiffs were "employees" of the Defendants as the term is defined under the FLSA.

34. At all relevant times, Defendants "suffered or permitted" the Plaintiffs to work and thus "employed" them within the meaning of FLSA, 29 USC §203(g).

35. The FLSA requires an employer to pay employees overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of forty (40) hours per work week, 29 USC §206.

36. As non-exempt employees, Plaintiffs and the Class are entitled to receive pay for all hours worked.

37. Defendants willfully misclassified Plaintiffs as exempt employees under the overtime wage provisions of the FLSA.

38. Defendants willfully violated Plaintiffs' rights and the rights of the Class by failing to pay them for all hours worked in violation of the Fair Labor Standards Act, 29 USC §201, et seq.

39. Defendants' FLSA violations have caused Plaintiffs and the Class irreparable harm for which there is no adequate remedy at law.

40. Due to Defendants' FLSA violations, Plaintiffs and the Class are entitled to recover from Defendants their unpaid wages for all hours worked, damages for unreasonably delayed payment of wages, treble damages as liquidated damages, and reasonable attorneys' fees and costs and disbursements of the action, pursuant to Fair Labor Standards Act, 29 USC §201, et seq.

7

## COUNT TWO
### (VIOLATION OF M.G.L. c. 149 § 148)

41.  Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference paragraphs 1 through 40 as if they were set forth again herein.

42.  As non-exempt employees, Plaintiffs and the Class are entitled to receive pay for all hours worked.

43.  Defendants willfully violated Plaintiffs' rights and the rights of the Class by failing to pay them for all hours worked in violation of Massachusetts Labor Law, M.G.L. c. 149, § 148.

44.  Defendants' Massachusetts Labor Law violations have caused Plaintiffs and the Class irreparable harm for which there is no adequate remedy at law.

45.  Due to Defendants' Massachusetts Labor Law violations, Plaintiffs and the Class are entitled to recover from Defendants their unpaid wages for all hours worked, damages for unreasonably delayed payment of wages, treble damages as liquidated damages, and reasonable attorneys' fees and costs and disbursements of the action, pursuant to Massachusetts Labor Law, M.G.L. c. 149 § 148.

## COUNT THREE
### (FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF M.G.L. c. 151 §§ 1 and 7)

46.  Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference paragraphs 1 through 44 as if they were set forth again herein.

8

47. As set forth above, the Defendants failed to pay, or ensure the payment of, minimum wage violates M.G.L. c. 151, §§ 1 and 7.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Mass. R. Civ. P. 23(a) and (b) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act and Massachusetts Labor Law;

c. An award of damages for all hours worked, for overtime compensation due under the Fair Labor Standards Act and Massachusetts Labor Law;

d. An award of liquidated damages as a result of the Defendants' failure to pay for all hours worked, including overtime;

e. An award of treble damages;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Massachusetts Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: 10/11/12

Respectfully submitted,

*[signature]*

Robert T. Naumes Jr., Esq., BBO #664826
**THORNTON & NAUMES LLP**
100 Summer St. 30th Floor
Boston, MA 02110
617-720-1333
617-720-2445 (Fax)
BNaumesJr@tenlaw.com

And

Mike Arias, Esq.*
**Arias, Ozzello & Gignac, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045
310-670-1600
310-670-1231 (Fax)
marias@aogllp.com
**ATTORNEYS FOR PLAINTIFFS**

*To be admitted *pro hac vice*.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF PLYMOUTH | DOCKET NO. |
|---|---|---|
| PLAINTIFF(S) Pamela Pike and Sally Zischke | | DEFENDANT(S) New Generations Donuts, LLC, Cadete Enterprises Inc., and John Cadete, Individually and in his Capacity as Manager and President |

**Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#**

Robert T. Naumes, Jr., Esq.
THORNTON & NAUMES, LLP
100 Summer St., 30th Fl., Boston, MA  02110
617-720-1333
Board of Bar Overseers number:  664826

**Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)**

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | Services Labor and Materials | Fast Track | [X] Yes  [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses                                           $ _____
   2. Total doctor expenses                                             $ _____
   3. Total chiropractic expenses                                       $ _____
   4. Total physical therapy expenses                                   $ _____
   5. Total other expenses (describe)                                   $ _____
                                                                Subtotal $ _____
B. Documented lost wages and compensation to date                       $ _____
C. Documented property damages to date                                  $ _____
D. Reasonably anticipated future medical expenses                       $ _____
E. Reasonably anticipated lost wages and compensation to date           $ _____
F. Other documented items of damages (describe)                         $ _____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                Total $ _____

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

| Defendants failed to pay plaintiffs under 29 USC Sec. 201, et seq. and G.L. c. 149 Sec. 148. Defendants failed to pay plaintiffs minimum wage under G.L. c. 151 Sec. 1 and 7. Plaintiff also claims reasonable attorney's fees and costs under G.L. c. 149 Sec. 148. | TOTAL  $ 26,000+ |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: October 11, 2012
                                Robert T. Naumes, Jr., Esq.
A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. 12-01202

PAMELA PIKE and SALLY ZISCHKE,
Individually and as Representatives of a
Proposed Class ..............................................., Plaintiff(s)

vs.

NEW GENERATION DONUTS, LLC., CADETE ENTERPRISES, INC.,
and JOHN CADETE, Individually and in his Capacity as Manager of
..............................................., Defendant(s)
NEW GENERATION DONUTS, LLC. and President of CADETE ENTERPRISES, INC.

## SUMMONS

To the above-named defendant: CADETE ENTERPRISES, INC.

You are hereby summoned and required to serve upon ......Robert T. Naumes, Jr....... plaintiff attorney, whose address is ....100 Summer Street, 30th Floor, Boston, MA 02110...., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the .......1st........................day of November......................., in the year of our Lord Two thousand and 2012...........

Robert S. Creedon, Jr.
CLERK OF COURTS

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5)):..........................................................................................

Dated:              , 200

N.B.   TO PROCESS SERVER:- PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 200

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

A TRUE COPY, ATTEST

DEPUTY SHERIFF
11-5-12

Commonwealth of Massachusetts
County of Plymouth
The Superior Court

Plymouth, ss

CIVIL DOCKET # PLCV2012-01202-A
Courtroom CtRm 5 (72 Belmont Street, Brockton)

RE: Pike et al v New Generation Donuts LLC et al
TO:
Robert T Naumes Jr, Esquire
Thornton & Naumes
100 Summer Street
30th Floor
Boston, MA 02110

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue 08/06/2014.

| STAGES OF LITIGATION | DEADLINES | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | 01/13/2013 | 01/13/2013 | |
| Response to the complaint filed (also see MRCP 12) | | 02/12/2013 | |
| All motions under MRCP 12, 19, and 20 | 02/12/2013 | 03/14/2013 | 04/13/2013 |
| All motions under MRCP 15 | 02/12/2013 | 03/14/2013 | 04/13/2013 |
| All discovery requests and depositions served and non-expert depositions completed | 08/11/2013 | | |
| All motions under MRCP 56 | 09/10/2013 | 10/10/2013 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/07/2014 |
| Case shall be resolved and judgment shall issue by 08/06/2014 | | | 08/06/2014 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 10/24/2012

Robert S. Creedon, Jr.
Clerk of the Court

Telephone: (508) 583-8250 ext. 305